THE CUDAHY PACKING COMPANY v. ANDREW SEDLACK.

**No. 13,661.**    (77 Pac. 102.)

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Duty of Master—Finding of Jury Conclusive.* It is the duty of a master to furnish his servant with a safe place and safe instruments for work; and a finding of a jury, supported by evidence, that he has failed in that respect is conclusive, upon review.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed June 11, 1904. Affirmed.

*McFadden & Morris,* and *Warner, Dean, McLeod & Holden,* for plaintiff in error.

*W. E. Flynn,* for defendant in error.

The opinion of the court was delivered by

ATKINSON, J. : Andrew Sedlack was an employee of the Cudahy Packing Company, at Kansas City, Kan. He was employed in the cooking-room of the canning department, where meats were cooked for canning by the use of steam. There were in use six retorts, into which the meats to be cooked were placed. They were then securely closed and steam under pressure turned into them until the meats were thoroughly done. It was his duty to assist in bringing these meats from the canning-room to the cooking-room, to assist in placing them in the retorts, and to assist in removing them when done. While removing the cap from one of the retorts, he sustained serious injuries.

The retorts were of metal and consisted of two distinct parts, a base and a cap, the base fixed and resting upon, or close to, the floor of the room, the cap fastened down securely upon the base when in use.

The caps, being very heavy, were raised from the base by the use of ropes and pulleys suspended above. Retort No. 2, at which Sedlack, with his coemployee Bascha, was working when he was injured, was cylindrical in form, about two and one-half feet in diameter, and the cap, when on the base, stood about six feet high and weighed 700 or 800 pounds. The base was somewhat concave and about three inches deep. There was a small waste-pipe leading from the base of the retort to the sewer, called a "bleeder-pipe," its object and purpose being to provide a means to carry off the hot water which had formed in the base of the retort from the condensing of steam in the process of cooking. A valve was provided in this pipe, which was to be opened before raising the cap from the base to remove the cooked meats from the retort.

On the day of the injury Sedlack and Bascha had placed in retort No. 2 twenty-five two-pound cans of tripe to be cooked. Steam had been applied for nearly three hours, when Sedlack and Bascha were told by one Greenwood, an employee of defendant company, that the meat was cooked, and directed them to take it out. Greenwood turned off the steam. It was his duty to open the valve in the bleeder-pipe, that the hot water which had accumulated from the condensation of steam in the base of the retort might escape to the sewer. Sedlack and Bascha removed the fastenings that secured the cap to the base of the retort. Plaintiff, standing close to one side of the retort, and Bascha, standing close to the opposite side, then pulled down upon the ropes suspended from above to raise the cap from its base. As the cap raised from the base hot water passed out from the retort and scalded plaintiff's left foot.

An action for damages was commenced by Sedlack, charging negligence to defendant, in substance, that the bleeder-pipe was insufficient in capacity to carry off the hot water; and that the pipe was obstructed and had not been properly inspected. The defendant answered that the injury was the result of an accident; that the negligence imputed to it was the negligence of Greenwood, a coemployee of plaintiff; and, also, that plaintiff was guilty of contributory negligence. A trial resulted in a judgment for plaintiff, and defendant prosecutes error to this court.

Whether or not the bleeder-pipe was insufficient in capacity, or was obstructed and defendant failed properly to inspect it, was a question for the jury. There was some evidence to support the verdict. It was approved by the trial court, and we cannot disturb it. It is the duty of the master to furnish the servant with reasonably safe instruments and a reasonably safe place for work. (*Emporia v. Kowalski*, 66 Kan. 64, 71 Pac. 1125; *Kelley v. Ryus*, 48 id. 120, 29 Pac 144; *A. T. & S. F. Rld. Co. v. Moore*, 29 id. 632.) The verdict of the jury is in effect a finding that defendant failed in these particulars, or one of them. It becomes unnecessary, under the view we take of the case, to determine whether Greenwood was a coemployee of plaintiff or a vice-principal.

The judgment of the court below is affirmed.

All the Justices concurring.